UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

UNITED STATES OF AMERICA,

   -against-                                    10 CR 391-62 (CM)

CHARLES BYRD,

              Defendant.

———————————————————————— x

DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION
IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

McMahon, J.:

On January 8, 2013, Charles Byrd pleaded guilty to: (1) participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count Two); and (2) participating in a conspiracy to distribute and possess with intent to distribute 280 grams and more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count Eighteen). Byrd pleaded guilty pursuant to a plea agreement in which the parties stipulated that Byrd's applicable offense level was 33, he had 11 criminal history points, putting him in Criminal History Category V, and his applicable Guidelines range was 210 to 262 months' imprisonment. (PSR ¶ 11(p)–(r)). At sentencing, the Court adopted the Probation Department's Guidelines calculation in the Presentence Investigation Report—which was the same Guidelines calculation the parties stipulated in the plea agreement—and sentenced Byrd to 210 months' imprisonment, to be followed by five years' supervised release. (Sent. Tr. 15).

Byrd is currently serving his sentence at Ray Brook FCI—his current projected release date is January 9, 2027.

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/22

Before the Court is Byrd's motion asking the Court to reduce his sentence pursuant 18 U.S.C. 3582(c) (2), in light of the United States Sentencing Commission's amendment (Amendment 782) to the Sentencing Guidelines. Amendment 782 reduced most offense levels on the Sentencing Guidelines' Section 2D1.1' Drug Quantity Table by two levels. In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. Byrd, however, is not eligible for a sentence reduction because his Guidelines range does not change as a result of the amendment.

Calculating Byrd's Guidelines today using the revised Section 2D1.1 drug offense level table, his offense level remains *at least* 33, and his advisory Guidelines sentencing range remains *at least* 210 to 262 months' imprisonment—the same offense level and sentencing range the Court found at Byrd's original sentencing. (*See* Government's Memorandum in Opposition, ECF Doc. 1989 at 7-10, for fulsome explanation of the original and revised Guidelines calculations, which the Court adopts here in its entirety).[1] The Commission has made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range. *See* U.S.S.G. § 1B1.10(a)(2)(B).

---

[1] In the Guidelines analysis to which the parties stipulated, confirmed by the Probation Department, and adopted by the Court, Byrd received a leadership enhancement for each of the attempted-murder racketeering acts—where his leadership of the Bloods loomed large—but not for the drug racketeering act, as he did not assert his leadership in running the crack conspiracy itself. However, the Second Circuit has since held that Chapter 3 Guidelines enhancements—leadership is an enhancement under Section 3B1.1—apply to "the entire RICO conviction," rather than to particular predicate racketeering acts. *United States v. Gershman*, —F.4th —, Nos. 20-30, 20-754, 2022 WL 1086464, at *15 (2d Cir. Apr. 12, 2022). Applying *Gershman* in this case would change Byrd's offense level from 33 to 34 and result in a Guidelines sentencing range of 235 to 293 months' imprisonment; ironically, higher than what it was when the Court sentenced him in 2013.

2

Accordingly, Byrd's motion for a sentence reduction pursuant to 18 U.S.C. 3582(c)(2) is denied.

August 1, 2022

_____
Colleen McMahon
United State District Judge